# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MACROSOLVE, INC., <br><br>   Plaintiff, <br><br>     v. <br><br>(1) COMCAST CORPORATION; <br>(2) COMCAST INTERACTIVE MEDIA, INC.; <br>(3) COMCAST INTERACTIVE MEDIA, LLC; AND <br>(4) COMCAST VENTURES, LLC, <br><br>   Defendants. | CIVIL ACTION NO. 6:13-CV-668 <br><br>ORIGINAL COMPLAINT <br>FOR PATENT INFRINGEMENT <br><br>**JURY TRIAL DEMANDED** |

Plaintiff MacroSolve, Inc. ("MacroSolve") files this original complaint against the above-named defendants, alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1. MacroSolve is a corporation formed under the laws of the State of Oklahoma, with a principal place of business in Tulsa, Oklahoma.

2. Defendant Comcast Corporation ("Comcast Corp.") is a Pennsylvania corporation. Comcast Corp. is doing business in the state of Texas but has failed to appoint an agent for service of process in Texas. Accordingly, Comcast Corp. can be served under the Texas Long Arm Statute and/or the Texas Business Organizations Code by serving the Secretary of State. Comcast Corp.'s home, home office, and principal office address is 1701 John F Kennedy Blvd, Philadelphia, PA 19103.

3. Defendant Comcast Interactive Media, Inc. ("Comcast Media Inc.") is a Delaware corporation. Comcast Media Inc. is doing business in the state of Texas but has failed to appoint an agent for service of process in Texas. Accordingly, Comcast Media Inc. can be served under the Texas Long Arm Statute and/or the Texas Business Organizations Code by serving the Secretary of State. Comcast Media Inc.'s home, home office, and principal office address is 1701 John F Kennedy Blvd, Philadelphia, PA 19103.

4. Defendant Comcast Interactive Media, LLC ("Comcast Media LLC") is a Delaware limited liability company. Comcast Media LLC is doing business in the state of Texas but has failed to appoint an agent for service of process in Texas. Accordingly, Comcast Media LLC can be served under the Texas Long Arm Statute and/or the Texas Business Organizations Code by serving the Secretary of State. Comcast Media LLC's home, home office, and principal office address is 1701 John F Kennedy Blvd, Philadelphia, PA 19103.

5. Defendant Comcast Ventures, LLC ("Comcast Ventures") is a Delaware limited liability company. Comcast Ventures is doing business in the state of Texas but has failed to appoint an agent for service of process in Texas. Accordingly, Comcast Ventures can be served under the Texas Long Arm Statute and/or the Texas Business Organizations Code by serving the Secretary of State. Comcast Ventures's home, home office, and principal office address is 1701 John F Kennedy Blvd, Philadelphia, PA 19103.

## JURISDICTION AND VENUE

6. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, defendants have transacted business in this district and have committed, by themselves or in concert with others, acts of patent infringement in this district.

8. The defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to the defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,822,816

9. On October 26, 2010, United States Patent No. 7,822,816 ("the '816 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "System and Method for Data Management."

10. MacroSolve is the owner of the '816 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '816 patent against infringers, and to collect damages for all relevant times.

11. Comcast Corp., Comcast Media Inc., Comcast Media LLC, and Comcast Ventures (collectively, "Comcast"), directly or through their customers and/or intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the XFINITY TV Player

mobile app(s) products and/or services) that infringed one or more claims of the '816 patent.

12. Comcast has and is directly infringing the '816 patent.

13. Comcast has and is indirectly infringing the '816 patent, both as an inducer of infringement and as a contributory infringer.

14. Comcast infringes directly both (1) through its own use of its mobile app(s) and (2) through the joint use of its mobile app(s) by it and its customers. Regarding point (2), MacroSolve alleges that Comcast and its customers are joint infringers because (a) Comcast is vicariously liable for its customers' use of its mobile app(s) because Comcast was the entity responsible for the design of the apps (including by having its agents design the apps) and Comcast encourages its customers to use its mobile app(s); and alternatively because (b) Comcast and its customers have acted in concert to use the Comcast mobile app(s) in a way that performs the steps of the claimed method. Direct infringement also occurs when Comcast performs certain steps of the claimed methods and its customers perform others (for example, when Comcast performs claim 1's steps (a), (b), and (d) and Comcast's customers perform the remainder of the steps) where Comcast's customers are under the direction or control of Comcast and Comcast is acting as a mastermind.

15. Comcast's customers also commit acts of direct infringement when they download and use the Comcast mobile app(s). They do so because their use of the mobile app(s) performs each step of the claimed methods (including by putting into operation and causing the Comcast servers to perform certain actions such as steps (a), (b), and (d) of claim 1 of the patent-in-suit in response to commands sent from the mobile app(s)).

16. Comcast has both induced and contributed to the underlying direct infringement of the '816 patent by Comcast's customers or by the joint action of Comcast and its customers. The direct infringement underlying the indirect infringement claims consist of the direct infringement by its customers or by Comcast and its customers, as described above.

17. Comcast induces its customers to use the Comcast mobile app(s). Comcast's distribution and promotion of the Comcast mobile app(s) has no other purpose but to cause its customers to download and use them. Comcast encourages its customers to download and use its mobile app(s), including, for example, on its website and on the apps' listings in app stores.

18. Comcast has contributed to the infringement of the '816 patent by making its mobile app(s) available for download and by operating servers (or having its agents operate servers) that can communicate with the mobile app(s), and that can be put into use and operation by Comcast's customers through the use of the mobile app(s).

19. Comcast's mobile app(s) have features that have no substantial uses other than the uses that are alleged to infringe the '816 patent. Specifically, the features of the Comcast mobile app(s) that allow information to be collected from the user of the mobile device and then uploaded to the Comcast servers have no substantial use other than infringing the patent-in-suit. The use of these features of Comcast's mobile app(s) for their intended purpose necessarily results in infringement of the '816 patent.

20. Comcast has or will have knowledge of the '816 patent, as well as the fact that its customers use of its mobile app(s) infringes the '816 patent, since at least as early as the filing of this lawsuit. Additionally, when it launched its mobile app(s), Comcast

took inadequate steps to determine whether it would be infringing the intellectual property rights of others, such as MacroSolve, and thus was willfully blind to the existence of the '816 patent. Comcast thus induces /induced and contributes/contributed to acts of direct infringement with the specific intent that others would infringe the '816 patent.

## JURY DEMAND

MacroSolve hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

MacroSolve requests that the Court find in its favor and against the defendant, and that the Court grant MacroSolve the following relief:

a. Judgment that one or more claims of the '816 patent have been infringed, either literally and/or under the doctrine of equivalents, by the defendants and/or all others acting in concert therewith;

b. A permanent injunction enjoining the defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '816 patent;

c. Judgment that the defendants account for and pay to MacroSolve all damages to and costs incurred by MacroSolve because of the defendants' infringing activities and other conduct complained of herein;

d. That MacroSolve be granted pre-judgment and post-judgment interest on the damages caused by the defendants' infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award MacroSolve its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f.   That MacroSolve be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 12, 2013                         Respectfully submitted,

/s/ Califf T. Cooper
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Califf T. Cooper
Texas Bar No. 24055345
califf@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

*Attorneys for MacroSolve, Inc.*